**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEITH LINDSAY

       Plaintiff,

v.                                         Case No. 08-CV-12526

OWENS LOAN, MARATHON MORTGAGE
CORPORATION, EVERHOMES MORTGAGE
COMPANY AND 36TH DISTRICT COURT,

       Defendant.
                                      /

**ORDER OF DISMISSAL**

On June 13, 2008, Plaintiff Keith Lindsay,[1] who is proceeding *pro se*, filed this action concerning real property located in the City of Detroit. Defendants are "Owens Loan as Servicer for The Secretary of Veterans Affairs" ("Owens), (Pl.'s Compl.), Marathon Mortgage Corporation ("Marathon"), EverHomes Mortgage Company ("EverHomes") and 36th District Court. The court had difficulty understanding the nature and viability of the complaint, and it ordered Plaintiff on June 25, 2008 to show cause why his complaint should not be dismissed for lack of federal jurisdiction or for failure to state a claim. For the reasons stated below, the court concludes that Plaintiff's response is inadequate and that the complaint will be dismissed.

Plaintiff responded on July 11, 2008 with a two-and-a-half-page narrative that the court will endeavor to summarize. Plaintiff withdraws all claims against 36th District Court. (Pl.'s Resp. at 3.) Plaintiff asserts that this court has diversity jurisdiction over

---

[1]The court retains the spelling of Plaintiff's name that appears in the caption and in his original complaint. The court notes that Plaintiff's response to the order to show cause spells his name differently as "Lindsey."

the remaining Defendants, who all reside or have their principal place of business outside of Michigan, and because the amount in controversy exceeds the statutory minimum.[2] (*Id.* at 1.) Plaintiff claims he "is a victim of subprime lending practices" and was "targeted by the defendants through a pattern of practices typical of subprime lending abuses." (*Id.*) Plaintiff alleges that, as an African-American living in a low income area, he "fit the profile of a target of a predatory lender." (*Id.* at 2.) He attaches to his response a March 16, 1998 Federal Trade Commission statement about home equity lending abuses, which was heard by the Senate Special Committee on Aging. (*Id.* at Ex. 1.) Plaintiff appears to allege that "[a]ll of the practices described in the exhibit were perpetrated on [Plaintiff]." (*Id.* at 2.) "Specifically, Everhome Mortgage and Owens loan claim to have lost the warranty deed which it alleges gave it possessor rights to the subject property." (*Id.*)[3] Plaintiff claims that "[t]he terms of the original loan Marathon mortgage corporate were extraordinate [sic] and fraudulent and designed to create harm to [Plaintiff]." (*Id.*)

According to Plaintiff, Defendants knew or should have know that issuing an adjustable rate mortgage to Plaintiff would "proximately cause the Plaintiff to default on the loan as the mortgage payments increased." (*Id.*) Plaintiff asserts "a reasonably foreseeable pattern of activity which caused harm to the Plaintiff and brought about the instant action." (*Id.*) Plaintiff believes that Defendant's "subprime lending practices" are "illegal" and used "to acquire property from low-income minority person [sic] through

---

[2]As explained below, Plaintiff also invokes federal subject matter jurisdiction in his claim of unconstitutional discrimination.

[3]The logical incoherence of this sentence is apparent, as there is no single predicate for the two occurrences of "it" in the second half of the sentence.

2

taking advantage of rising ARM rates."  Further, "Plaintiff asserts that no reparable [sic] lending agency would lose deeds; nor, engage in a pattern off [sic] activity which would inevitably cause harm to a mortgagee through interstate commerce."  Thus, Plaintiff concludes - without the slightest logical connection - "Plaintiff will make out a prima facie case of RICO under 18 USC 1961-1968."  (*Id.*)

Next, Plaintiff states that Owens loan "acted as both servicer of the loan for Veterans affairs and as a subsidiary of Everhome . . . . [t]his constitutes a conflict of interest on the part of Owens Loan."  (*Id.*)  "This conflict of interest served to discriminate against the Plaintiff due to his race and socio-economic status; thereby, violating his civil rights under the Constitution."  (*Id.*)  Plaintiff then concludes by reminding the court of his *pro se* status, requesting leave to amend his complaint to comply with Federal Rule of Civil Procedure 8 and withdrawing his claims against 36th District Court.  (*Id.* at 2-3.)

Plaintiff's response to the order to show cause suffers from many of the same defects in his complaint that caused the court to issue its order.  Plaintiff again conflates his allegations against multiple "Defendants" despite the court's admonition to state specific allegations against particular Defendants.  The allegations that are addressed to a specific party are, again, vague and conclusory.  The court is again at a loss to understand the nature of any of Plaintiff's claims.  As such, any Defendant could not know how to answer the complaint and prepare a defense.  There is no explanation of how federal racketeering laws apply or, for that matter, what specific illegal practices by which Defendant are at issue.  Plaintiff mentions discrimination for the first time, but there are no allegations beyond vague statements about his personal profile and an

3

unarticulated conflict of interest between various entities.  Exhibit 1 is unhelpful, as it says nothing specific to Plaintiff's case and has no force of law as it is merely an administrative report to a Senate subcommittee.  Finally, Plaintiff's response fails to address the court's concern that "[t]o the extent that Plaintiff is challenging the default judgment or other outcome of a state court, the *Rooker-Feldman* doctrine bars this court from reviewing the procedural and substantive legitimacy of the previous state court proceedings."  (6/25/08 Order at 4-5.)

Under the circumstances, the court is not persuaded that Plaintiff's response to the order to show cause is adequate.  While *pro se* litigants should not be held to the same stringent standard as licensed attorneys who draft formal pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is also not the role of the court to speculate about the nature of the claims asserted, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's conclusory invocation of diversity and federal question jurisdiction fails to convince the court that a federal cause of action is indeed before the court.  Beyond jurisdiction, Plaintiff has failed to present, as required by Federal Rule of Civil Procedure 8, "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Plaintiff's claim appears barred under the *Rooker-Feldman* doctrine. *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  Despite withdrawing all claims against 36th District Court, Plaintiff's filings still appear to challenge the default judgment or other outcome of a state court, which falls squarely with the bar of *Rooker-Feldman* doctrine.  Moreover, "the rights and liabilities under a grant or deed is a question of state property law of which the federal courts have no concern unless there is a violation of the Constitution

4

or laws of the United States." *Watson v. Kenlick Coal Co., Inc.*, 498 F.2d 1183 (6th Cir. 1974) (citing U.S. Supreme Court cases).  For these reasons, the court concludes that Plaintiff's complaint should be dismissed.  Accordingly,

    IT IS ORDERED that Plaintiff's Complaint is DISMISSED.

                              S/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

                              S/Lisa Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522

7/18/08:S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-12526.LINDSAY.DismissalMortgageRule8.wpd